UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOIS FISHER                                           CIVIL ACTION

VERSUS                                                NO. 07-7130

ALLSTATE INSURANCE COMPANY            SECTION "C" (2)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and plaintiff's motion to remand.   Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under a policy issued by the defendant.   This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d

559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes.  The defendant's argument is largely based on the pre-removal refusal of the plaintiff to sign the defendant's draft of a stipulation that the jurisdictional amount was not in controversy.  The plaintiff does attach a stipulation which is approved by the defendant.  The Court specifically states that this remand is

based on the plaintiff's binding stipulation.[1]  In addition, the defendant has not made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is GRANTED.  (Rec. Doc. 6). This matter is REMANDED to the 40th  Judicial District Court  for the Parish of St.

---

[1] The Court has consistently recognized that even if a stipulation may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes.

John the Baptist, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 3rd day of December, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE